IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERATION FOR AMERICAN IMMIGRATION REFORM, 25 Massachusetts Ave., NW, Suite 330, Washington, DC 20001, <br><br>　　　　Plaintiff, <br><br>v. <br><br>U.S. DEPARTMENT OF HOMELAND SECURITY 2707 Martin Luther King Jr., Ave., SE, Washington, DC 20528 <br><br>and <br><br>U.S. CITIZENSHIP AND IMMIGRATION SERVICES 20 Massachusetts Ave, NW, Washington, DC 20001 <br><br>　　　　Defendants. | Civil Action No. |

## COMPLAINT

Plaintiff Federation for American Immigration Reform ("FAIR") brings this action for injunctive and other appropriate relief against the United States Department of Homeland Security ("DHS") and United States Citizenship and Immigration Services ("USCIS") to compel compliance with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Plaintiff alleges the following grounds:

## JURISDICTION AND VENUE

1. The Court has subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(A)(vii), 552(a)(4)(B), 552(a)(6)(C)(i) and 28 U.S.C. § 1331. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B).

## PARTIES

2. Plaintiff FAIR ("Plaintiff") is a non-profit educational foundation organized under the laws of the District of Columbia and having its principal place of business at 25 Massachusetts Ave., NW, Suite 330, Washington, DC 20001. Plaintiff seeks to educate the citizenry on and increase public awareness of immigration issues, and to hold the nation's leaders accountable for enforcing the nation's immigration laws. In furtherance of its public interest mission, Plaintiff regularly requests access to the public records of federal agencies, entities, and offices, and widely disseminates its findings to the public.

3. Defendant DHS is a cabinet department of the United States Government, established within the Executive Branch of the United States Government, and is headquartered at 2707 Martin Luther King Jr., Ave., SE, Washington, DC 20528. DHS is an agency within the meaning of 5 U.S.C. § 552(f)(1). DHS has possession, custody, and control of certain public records to which Plaintiff seeks access.

4. Defendant USCIS is a component of DHS, established within the Executive Branch of the United States Government, and is headquartered at 20 Massachusetts Ave., NW, Washington, DC 20001. USCIS is an agency within the meaning of 5 U.S.C. § 552(f)(1). USCIS has possession, custody, and control of certain public records to which Plaintiff seeks access.

## STATUTORY FRAMEWORK

5. FOIA requires federal agencies, upon request, to make agency records "promptly available to any person." 5 U.S.C. § 552(a)(3)(A).

6. An agency is required to determine whether to comply with a FOIA request within twenty (20) business days of receiving the request and "shall immediately notify the person making such request of such determination and the reasons therefor." 5 U.S.C. § 552(a)(6)(A)(i).

7. In order for an agency's response to constitute a "determination" within the meaning of FOIA, an agency must: i) gather and review the documents; ii) determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents; and iii) inform the requester that it can appeal whatever portion of the "determination" is adverse. *See Citizens for Responsibility & Ethics in Washington v. FEC*, 711 F.3d 180, 186-88 (D.C. Cir. 2013).

8. Although "a 'determination' does not require actual production of the records to the requester at the exact same time that the 'determination' is communicated to the requester," it "must be more than just an initial statement that the agency will generally comply with a FOIA request and will produce non-exempt documents and claim exemptions in the future." *Id.* at 188.

9. If an agency does not provide a determination as to a FOIA request by the statutory deadline, the requester is deemed to have exhausted administrative remedies and may immediately pursue judicial review. *See* 5 U.S.C. §§ 552(a)(6)(C)(i), 552(a)(4)(B). Put another way, when an agency does not comply with FOIA's time limits, the requester can seek immediate judicial review despite not having filed an administrative appeal: courts refer to this

as "constructive exhaustion." *Khine v. Dep't of Homeland Sec.*, 943 F.3d 959, 966 (D.C. Cir. 2019)(citing *Citizens for Responsibility & Ethics in Wash. v. FEC*, 711 F.3d 180 (D.C. Cir. 2013); *Oglesby v. Dep't of the Army*, 920 F.2d 57 (D.C. Cir. 1990)).

## STATEMENT OF FACTS

10. On April 26, 2023, Plaintiff submitted a FOIA request by online FOIA portal to DHS requesting the following agency records:

> 1. All documentation and policies related to the DHS initiative, announced on July 2, 2021, that identifies and returns previously deported non-citizen veterans, from and including January 20, 2021 up to and including April 26, 2023.
>
> 2. All documentation, including emails, related to non-citizen veterans who have been approved under the aforementioned initiative to return to the United States, from and including July 2, 2021 up to and including April 26, 2023.

11. In Plaintiff's FOIA request, Plaintiff also requested that all fees be waived because Plaintiff qualifies as a "representative of the news media, or news media requester" under 5 U.S.C. § 552(a)(4)(A)(ii)(II), and set forth facts and law in support of its status as such and its request for a fee waiver.

12. Plaintiff received an email from DHS dated April 26, 2023, acknowledging DHS's receipt of Plaintiff's FOIA request and assigning the request the tracking number 2023-HQFO-01461, but not making or providing any determination regarding the request or producing any records in response to the request.

13. After this initial acknowledgment email, DHS did not make or provide any determination regarding Plaintiff's FOIA request, produce any records in response to the request, or otherwise materially respond to the request.

14. Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), DHS was required to make a determination whether to comply with Plaintiff's FOIA request within twenty (20) working days after receipt and to notify Plaintiff immediately of its determination, the reasons therefor, and the right to appeal any adverse determination. Accordingly, DHS's determination of Plaintiff's FOIA request was due by May 24, 2023, at the latest.

15. As of the date of this Complaint, DHS has still failed to: (i) determine whether to comply with the request; (ii) notify Plaintiff of any such determination or the reasons for such determination; (iii) advise Plaintiff of the right to appeal any adverse determination; or (iv) produce any of the requested records or otherwise demonstrate that the requested records are exempt from production.

16. Because DHS has failed to comply with the time limits set forth in 5 U.S.C. §§ 552(a)(6)(A)(ii) and 552(a)(6)(E)(iii) with respect to the FOIA request, Plaintiff is deemed to have exhausted any and all administrative remedies with respect to the request to DHS, pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

17. On June 7, 2023, Plaintiff received an email from DHS indicating that Plaintiff's FOIA request was being "transferred" to USCIS.

18. On July 27, 2023, Plaintiff received an email from USCIS acknowledging that it was in receipt of Plaintiff's FOIA request and assigning the request the tracking number COW2023005109.

19. After this initial acknowledgment email, USCIS did not make or provide any determination regarding Plaintiff's FOIA request or produce any records in response to the request.

20. On August 21, 2023, Plaintiff received a physically-mailed letter from USCIS dated July 27, 2023, requesting clarification and that Plaintiff narrow its request to search only specific USCIS employees.

21. By email on August 21, 2023, Plaintiff agreed to narrow the scope of its FOIA request to USCIS to search only USCIS employees working on the Immigrant Military Members and Veterans Initiative program.

22. Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), USCIS was required to make a determination whether to comply with Plaintiff's FOIA request within twenty (20) working days after receipt and to notify Plaintiff immediately of its determination, the reasons therefor, and the right to appeal any adverse determination. Accordingly, USCIS's determination of Plaintiff's FOIA request was due by August 24, 2023, at the latest.

23. As of the date of this Complaint, USCIS has still failed to: (i) determine whether to comply with the request; (ii) notify Plaintiff of any such determination or the reasons for such determination; (iii) advise Plaintiff of the right to appeal any adverse determination; or (iv) produce any of the requested records or otherwise demonstrate that the requested records are exempt from production.

24. Because USCIS has failed to comply with the time limits set forth in 5 U.S.C. §§ 552(a)(6)(A)(ii) and 552(a)(6)(E)(iii) with respect to the FOIA request, Plaintiff is deemed to have exhausted any and all administrative remedies with respect to the request to USCIS, pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

## COUNT I
### Violation of FOIA: Failure to Comply With Statutory Deadlines

25. Plaintiff realleges paragraphs 1 through 24 as if fully stated herein.

26. Both defendant agencies' failures to make and provide determinations regarding Plaintiff's request have violated and continue to violate the statutory deadlines imposed by FOIA, including the deadlines set forth in 5 U.S.C. §§ 552(a)(6)(A)(ii) and 552(a)(6)(E)(iii).

## COUNT II
### Violation of FOIA: Unlawful Withholding of Agency Records

27. Plaintiff realleges paragraphs 1 through 26 as if fully stated herein.

28. As described above, both defendant agencies have failed to make responsive records available to Plaintiff.

29. Both defendant agencies have unlawfully withheld any and all responsive agency records from Plaintiff and continue to do so.

30. As a result of this unlawful withholding, Plaintiff and the public have been denied access to agency records to which Plaintiff is lawfully entitled under FOIA, 5 U.S.C. § 552(a)(3)(A).

## COUNT III
### Violation of FOIA: Failure to Grant News Media Fee Status

31. Plaintiff realleges paragraphs 1 through 30 as if fully stated herein.

32. In its FOIA request, Plaintiff set forth facts and law in support of a determination that it is entitled to media requester fee status.

33. By their non-responses, both defendant agencies have failed to make a determination as to Plaintiff's media requester fee status.

34. Plaintiff is entitled to a determination that it is a media requester for fee waiver purposes as both defendant agencies failed to comply with the time limits under 5 U.S.C. §§ 552(a)(6)(A)(ii) and 552(a)(6)(E)(iii). *See* 5 U.S.C. § 552(a)(4).

## COUNT IV
### Violation of FOIA: Failure to Grant a Fee Waiver

35. Plaintiff realleges paragraphs 1 through 34 as if fully stated herein.

36. In its FOIA request, Plaintiff set forth facts and law in support of a fee waiver.

37. By their non-responses, both defendant agencies have failed to make a determination on Plaintiff's fee waiver request.

38. Plaintiff is entitled to injunctive relief providing for a fee waiver in this matter as a consequence of both defendant agencies' failures to make determinations on the fee waiver request.

39. Plaintiff is also entitled to a fee waiver in this matter as both defendant agencies failed to comply with the time limits under 5 U.S.C. §§ 552(a)(6)(A)(ii) and 552(a)(6)(E)(iii). *See* 5 U.S.C. § 552(a)(4)(A)(viii).

## **REQUESTED RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

(A) order Defendants to conduct reasonable searches for any and all agency records responsive to Plaintiff's FOIA request, and demonstrate that they employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request;

(B) order Defendants to produce, by a date certain, any and all non-exempt agency records responsive to Plaintiff's FOIA request and a detailed *Vaughn* index of any responsive agency records or portions of records withheld under claim of exemption;

(C) enjoin Defendants from continuing to withhold any and all non-exempt agency records responsive to Plaintiff's FOIA request;

(D) order Defendants to grant Plaintiff media requester status;

(E) order Defendants to grant Plaintiff a fee waiver;

(F) award Plaintiff its costs and reasonable attorneys' fees incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

(G) grant Plaintiff such other relief as the Court deems just and proper.

Dated: October 19, 2023

Respectfully submitted,

Matthew J. O'Brien, DC Bar No. 90012700
Immigration Reform Law Institute (IRLI)
25 Massachusetts Ave., NW, Suite 335
Washington, DC 20001
Telephone: (202) 232-5590
FAX: (202) 464-3590
Email: mobrien@irli.org